FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV 25 PM 2: 31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES NATHANIEL DIXON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-194 |
| | ) | (Formerly CR 197-043) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at U.S.P. Lee in Jonesville, Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

On July 22, 1998, a jury in the Southern District of Georgia convicted Petitioner of one count of conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine hydrochloride, and one count of possession with intent to distribute cocaine hydrochloride. United States v. James Nathaniel Dixon, CR 197-043, doc. no. 178 (S.D. Ga. July 22, 1998) (hereinafter "CR 197-043"). On October 5, 1998, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on Count One to 324 months of imprisonment, 5 years of supervised release, and a $100 special assessment,

and on Count Two, to 240 months of imprisonment to be served concurrently with Count One, 3 years of supervised release to be served concurrently with Count One, and a $50 special assessment. (Id., doc. no. 197.) Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions on February 18, 2000. (Id., doc. no. 211.) The Supreme Court denied Dixon's petition for writ of certiorari on February 20, 2001. Dixon v. United States, 531 U.S. 1155 (2001).

On January 14, 2002, Petitioner signed his first § 2255 motion, which was filed by the Clerk on January 22, 2002. Dixon v. United States, CV 102-008, doc. no. 1 (S.D. Ga. Jan. 22, 2002) (hereinafter "CV 102-008"). The petition was dismissed as untimely, (id., doc. no. 5), and Judge Bowen denied Petitioner's request for Certificate of Appealability ("COA") because he was unable to make a substantial showing of a denial of a constitutional right, (id., doc. no. 9). The Eleventh Circuit partially granted Petitioner's COA on the issue of whether the district court erred in dismissing his petition as barred by the one-year statute of limitations due to the incomplete record before it. (Id., doc. no. 10.) Subsequently, the Eleventh Circuit affirmed the district court's dismissal of Petitioner's § 2255 motion. (Id., doc no. 11.)

Petitioner has now filed another § 2255 motion, wherein he asserts, in light of the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), that he is entitled to file a § 2255 motion because the "fact that caused his statutory minimum sentence [for Count One] of zero (0) years under Section 841(b)(1)(C) to increase to a mandatory minimum sentence of ten (10) years under Section 841(b)(1)(A) was neither alleged nor proven beyond a reasonable doubt." (Doc. no. 1, p. 10.)

## II. DISCUSSION

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed a § 2255 motion that was dismissed as untimely. Petitioner's argument in his current motion is premised on the Supreme Court's recent decision in Alleyne, (see doc. no. 1, p. 4), and is properly classified as "second or successive" in the sense contemplated by § 2255. In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein was not yet ripe at the time of his first motion. In doing so, the Stewart

3

court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 862. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id.

Leal Garcia clearly established that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition."[1] Leal Garcia, 573 F.3d at 221 (emphasis in original). The court further explained that the small subset of claims not considered second or successive were those "based on a *factual* predicate not previously discoverable," as opposed to those based on a shift in the law. Id. In fact, the court noted that AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id.

In sum, the Court finds that the instant petition is successive, and Petitioner does not state that he has been granted permission to file a successive § 2255 motion in this Court. See Doby v. United States, CV 113-152, 2013 WL 5564147 (S.D. Ga. Oct. 7, 2013) (Bowen, J.) (dismissing § 2255 petition as second or successive where petitioner previously filed a § 2255 motion, argument in current motion was premised on Alleyne, and the current motion was not authorized by the Eleventh Circuit); see also Rhodes v. United States, CV 113-158, 2013 WL 5797641, at *2 (S.D. Ga. Oct. 28, 2013) (Hall, J.)

---

[1] The Court is not aware of any authority indicating that Alleyne is retroactively applicable, and the case itself provides no such indication.

("Alleyne is not retroactively applicable to cases on collateral review."). Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.

### III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive and not authorized by the United States Court of Appeals for the Eleventh Circuit. The Court therefore **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of November, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE